UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PATRICK MANIACI,

    Plaintiff,

v.

Case No.: 18-CV-200

THE RECEIVABLE MANAGEMENT
SERVICES CORPORATION, D/B/A RMS,

    Defendant.

# BRIEF IN SUPPORT OF MOTION TO DISMISS
# PLAINTIFF'S AMENDED COMPLAINT

## INTRODUCTION

Plaintiff Patrick Maniaci ("Maniaci") filed a Complaint alleging violations of the Fair Debt Collections Practices Act ("FDCPA") arising from a letter sent to Maniaci by The Receivables Management Services Corporation, d/b/a RMS ("RMS"). RMS filed a Motion to Dismiss for Failure to State a Claim, and Maniaci attempted to cure the deficiencies by filing an Amended Complaint now alleging violations of the FDCPA and the Wisconsin Consumer Act ("WCA"). However, the deficiencies in the initial Complaint still exist in the Amended Complaint. Maniaci has failed to state a claim upon which relief can be granted and his claims should be dismissed on the grounds that, as a matter of law, the validation notice is proper and the statements contained in Exhibit A are not false, misleading, overshadowing, confusing, or harassing.

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), dismissal is proper where "the plaintiff can prove no set of facts that would entitle him to relief." *Marshall Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, rather than the factual sufficiency. *See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). A court must accept all of the well-plead allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). On the other hand, "[i]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Rule 12(b)(6) dismissal is appropriate only if there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief. *McMillan v. Collection Professionals, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006).

Pursuant to Fed. R. Civ. P. 12(b)(6), RMS moves for dismissal of the Plaintiff's Amended Complaint on the grounds that, as a matter of law, the validation notice is proper and the statements contained in Exhibit A are not false, misleading, overshadowing, confusing, or harassing.

## ARGUMENT

**I. MANIACI HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Maniaci's meritless claims are grounded in three parts of RMS's letter. The portions of the letter that Maniaci takes issue with on the first page of the letter are reproduced and highlighted below:

> This is a request for payment of this account which has been placed by VONAGE for collection. Please remit your payment to the address above.
>
> ==If you have not yet been contacted by an RMS representative, you will be receiving a call to bring this matter to a resolution.== Should you receive this letter after a discussion with our representative, we thank you for your cooperation.
>
> Sincerely,
>
> Mitch Shape
> Collector
>
> When you provide a check as payment, you authorize us to either use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please call the number at the top of this notice.
>
> \*\*\* Pay by phone 1-866-725-2182 or go to http://www.rmsna.com/payrms
>   : USERID = ▓▓▓▓▓  & PASSWORD = ▓▓▓▓▓
>
> This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.
>
> ==IMPORTANT: REFER TO CLAIM NUMBER IN ALL COMMUNICATIONS==
> WE ARE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
> NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

(ECF No. 17-1.) Then, on the second page of RMS's letter, Maniaci takes issue with the validation notice:

> **IMPORTANT INFORMATION**
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name and address of the original creditor, if different from the current creditor.

(ECF No. 17-1.)

Maniaci alleges that the letter is inconsistent with 15 U.S.C. § 1692g(a), and therefore in violation of Sections 1692g(a)(3)-(5), 1692g(b), 1692e, and 1692e(10) for being overshadowing, false, misleading, confusing, and harassing. The Amended Complaint also asserts violations of the WCA, Wis. Stat. §§ 427.104(1)(g) and 427.104(1)(h) for statements that allegedly overshadow the validation notice and confuse the consumer about a notifying RMS about a dispute. However, the letter complies with 7th Circuit Case law and is not overshadowing of the validation notice. *See Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572 (7th Cir. 2004); *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632 (7th Cir. 2012); *Thomollari v. CMRE Fin. Servs.*, No. 17-CV-533, Decision and Order on Defendant's Motion to Dismiss dated August 28, 2017, ECF No. 17 (attached hereto). Therefore, the Amended Complaint should be dismissed.

## II. MANIACI'S CLAIMS UNDER THE FDCPA SHOULD BE DISMISSED

### A. The Collection Letter's Validation Notice Complies With 15 U.S.C. § 1692g(a)

Maniaci alleges that the letter violates 15 U.S.C. § 1692g(a)(3)-(5). 15 U.S.C. § 1692g(a) sets forth the requirements for a validation letter:

> § 1692g. Validation of debts
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of

4

> the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). "Generally, a validation notice will comport with section 1692g if the 'content' of the notice complies with the literal terms of the statute. At a minimum, this requires that the validation notice is actually included with either the initial communication or within five days of the initial communication . . . and if included, that it contains all the information dictated by the statute." *Smith v. Financial Collection Agencies*, 770 F. Supp. 232, 235 (D. Del. 1991). If the defendants' validation notice makes any lesser promise the letters would violate section 1692g. *See Jang v. A.M. Miller & Assocs.,* 122 F.3d 480, 482 (7th Cir. 1997).

Here, the content of RMS's letter complies with the literal terms of the statute. (ECF No. 1-1.) The letter includes all the required information, nearly verbatim, under § 1692g(a), as demonstrated by reviewing the validation notice:

> **[3]** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. **[4]** If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of judgment, if any, and mail you a copy of such judgment or verification. **[5]** If you request this office in writing within 30 days after receiving this notice, RMS will provide you with the name and address of the original creditor if, different from the current creditor.

301878113v1 1007363

(ECF No. 1-1.)(emphasis added).[1] Therefore, the validation notice includes all of the information required by 15 U.S.C. § 1692g(a) and there cannot be a violation of 1692g(a)(3)-(5).

### B. Referring To The Claim Number Is Not Imposing An Added Requirement On The Consumer

According to the Amended Complaint, Plaintiff takes issue with additional language on the bottom of the first page of Exhibit A. Specifically, Plaintiff takes issue with:

**IMPORTANT: REFER TO CLAIM NUMBER IN ALL COMMUNICATIONS**

(ECF No. 17-1.) Plaintiff contends that this additional language is an added requirement placed on the consumer which is not required by the FDCPA, and would mislead a consumer into believing that a written dispute sent without the claim number would be disregarded or otherwise not treated as a dispute. (ECF No. 17 at ¶ 23.) Plaintiff further contends that this added language is a "material false statement, as it imparts in the unsophisticated consumer a false belief about the requirements to dispute a debt." (ECF No. 17 at ¶ 21.) However, the statement that the consumer should include their claim number is not an added requirement, but instead a way to ensure that RMS is able to efficiently verify the debt by including identifying information on the dispute.

The Eastern District of Wisconsin recently addressed this issue in *Thomollari v. CMRE Fin. Servs*. No. 17-CV-533, Decision and Order dated August 28, 2017*; see also Thomollari v. CMRE Fin. Servs.*, No. 17-CV-533, 2017 U.S. Dist. LEXIS 178831 (E.D. Wis. Oct. 27, 2017)(mot. to reconsider affirmed). In *Thomollari*, the Court determined:

> CMRE's letter, on its face, does not engender confusion sufficient to state a claim under the FDCPA. The letter does not require that the consumer submit additional information in order to dispute the

---

[1] The added numbers in brackets demonstrate what sentences satisfy the specific requirements of § 1692g(a)(3)-(5). The name of the creditor and amount of the debt are included on Exhibit A, but Plaintiff does not appear to take issue with the requirements of § 1692g(a)(1)-(2).

> debt; rather, the letter is asking the consumer to reference CMRE's account number and the statement date when he disputes the debt . . . Rather, the letter merely requests that when disputing the debt, the consumer reference two pieces of information (account number and statement date), which are found on the letter itself, so that CMRE will know which account the consumer is disputing when it receives the consumer's correspondence. Nor is it confusing asking the consumer to send his correspondence to CMRE's address and direct his correspondence to the "compliance unit." The consumer needs to know where to send his dispute. It is unclear how the addition of "Attention: Compliance Unit" to CMRE's return address creates confusion. This in no way overshadows, contradicts, or dilutes the consumer's right to dispute the debt.

*Thomollari*, No. 17-CV-533, at p. 6-7(attached hereto).

Here, similarly, the request for reference to the RMS claim number is not an added requirement, but instead so that RMS knows the account in dispute. RMS routinely has multiple accounts placed for collection involving the same individual. A consumer may seek to dispute one of the accounts, but not dispute another. Moreover, there is no deviation in the content of the consumer's notice and how RMS will respond to any debt dispute, the only addition is the request to refer to the claim number. There is no lesser promise to the consumer. Therefore, because the validation notice complied with the requirements of § 1692g(a), Plaintiff's claims must be dismissed.

### C. The Language In Exhibit A Is Not False, Misleading, Confusing, Or Overshadowing

Plaintiff also claims that the notice is false, misleading, confusing and overshadowing in violation of 1692g(b), 1692e, and 1692e(10). The FDCPA provides that collection activities cannot be overshadowing or inconsistent with the disclosure of the consumer's right to dispute the debt. 15 U.S.C. § 1692g(b). Also, under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including, but not limited to the "use of any false representation or deceptive means to

collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Courts evaluate claims that collection letters allegedly violate the FDCPA from the standpoint of an "unsophisticated consumer," which "assumes that the debtor is uninformed, naïve, or trusting." *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004); *Durkin v. Equifax Check Servs.*, 406 F.3d 410, 414 (7th Cir. 2005)(applying the unsophisticated consumer standard to claims under § 1692g); *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 759 (7th Cir. 2006)(noting that a determination of whether a statement is false, deceptive or misleading, like a determination as to whether a statement is confusing under the FDCPA, is a fact-bound determination of how an unsophisticated consumer would perceive the statement and will not be a violation of 1692g unless "a significant fraction of the population would be . . . mislead by the letter.").

The Seventh Circuit recognizes, though, that an unsophisticated consumer possesses "rudimentary knowledge about the financial world[,] . . . is capable of making basic logical deductions and inferences," *McMillan,* 455 F.3d at 759 (internal citations omitted), is wise enough to read collection notices with added care and possesses reasonable intelligence. *See Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). Further, courts conclude that "statements are not confusing or misleading unless a significant fraction of the population would be similarly misled." *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 949 (7th Cir. 2004) (quoting *Veach v. Sheeks*, 316 F.3d 690, 692-93 (7th Cir. 2003)). The court need not accept a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter. *See, e.g., McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

A debt collection letter can be considered confusing in a number of ways:

> language that contradicts or is logically inconsistent with the
> required statutory notice (that is, a representation denying the
> consumer right the letter is required to disclose) is one means of
> showing confusion, as is a letter that overshadows the statutory
> notice. "Overshadowing" might occur where, although the required
> notice is not contradicted, it is obscured, for example, because the
> notice is in smaller or fainter print than the demand for payment.
> The most typical cases, however, involve a letter which fails to
> explain an "apparent though not actual contradiction."

*Whitten v. ARS Nat'l Servs.*, 2002 U.S. Dist. LEXIS 9385, *8-9, 2002 WL 1050320 (N.D. Ill. May 23, 2002). Further, a "debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). The information sent along with the validation notice is "overshadowing" if it renders the letter "confusing," or if it makes the debtor "uncertain as to [his] rights." *See Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996); *see also Slotten v. Collections Unlimited, Inc*., 96-C-0920-S, 1997 U.S. Dist. LEXIS 23606, at *12-13 (W.D. Wis. Feb. 26, 1997)(dismissing overshadowing claim where there were no time limits requiring immediate payment subject to legal action and no language that directly or indirectly contradicted any rights available to the consumer under the FDCPA). A debt collector is free to continue its collection activities and communications during the 30-day period as long as the consumer has not disputed the debt in writing. *See* 15 U.S.C. § 1692g(b).

### 1. Referring to the claim number is not overshadowing

Here, the debt validation notice is effective. Asking the consumer to include the claim number does not contradict and is not logically inconsistent with the statutory notice requirements. The validation notice does not include an apparent, though not actual, contradiction. There are no terms that would cause confusion for the consumer. Further, it is illogical that this language might overshadow the consumer's right to dispute a debt. The language is not cleverly couched to eviscerate the message. Instead, the validation notice

includes the claim number and simply requests the consumer to include it on the dispute. Referring to the claim number is to provide clarification as to which account is being disputed. No reasonable argument could be made that this language violates the requirements of the FDCPA or is false, misleading, or confusing to the unsophisticated consumer. Therefore, Plaintiff's claims must be dismissed.

### 2. Informing the consumer that they may receive a call to bring the matter to resolution is not overshadowing of the consumer's validation rights

Plaintiff asserts in the Amended Complaint that RMS's letter overshadows the validation notice by informing consumers: "If you have not yet been contacted by an RMS representative, you will be receiving a call to bring this matter to a resolution." (ECF No. 17 at ¶ 26.) Plaintiff posits that the "unsophisticated consumer would understand the representation to mean that he could wait for the debt collector to contact him by telephone and dispute the debt at the time" and that it "implies that the consumer need not submit a written dispute because an RMS representative will contact the consumer by telephone, when, in fact the consumer needs to provide written notification of his dispute." (ECF No. 17 at ¶ 31-32.) However, Plaintiff's assertions fail under the law.

First, Plaintiff ignores entirely the sentence that follows the sentence he takes issue with, which reads: "Should you receive this letter *after* a discussion with our representative, we thank you for your cooperation." (ECF No. 1-1.) Any unsophisticated consumer would take this to mean that a phone call regarding resolving the matter could have already happened, but that they still have the right to dispute the debt in writing because the validation notice is still included for the consumer. *See Pettit v. Retrieval Masters Creditors Bureau, Inc*., 211 F.3d 1057, 1060 (7th Cir. 2000)(the unsophisticated consumer is wise enough to read collection notices with added care and possesses reasonable intelligence); *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 575-76

10

(7th Cir. 2004)("it is perfectly obvious to even the dimmest debtor that the debt collector would very much like him to pay the amount demanded straight off, sparing the debt collector any further expense").

Moreover, the validation notice clearly and unequivocally directs the consumer to provide the dispute in writing. (ECF No. 17-1.) The letter calls attention to the important validation notice on the reverse side of the page. (Id.) Then, the validation notice specifically refers to disputing the debt in writing within 30 days in two separate sentences. (See ECF No. 17-1.) Therefore, Plaintiff's argument that the consumer does not need to provide a written dispute due to the "call language" fails and is not sufficient to state a claim against RMS. RMS's letter was not confusing or overshadowing of the consumer's rights. *See Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997)(the implied duty to avoid confusing the unsophisticated consumer can be violated by contradicting or "overshadowing" the required notice.). The validation notice is clear and concise and deemed "important information" in the letter. (ECF No. 17-1.)

A debt collector is free to demand payment and pursue collection efforts within the validation period. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d at 416. Also, a request for the consumer to call "now" or "today" was found not to be overshadowing of the consumer's validation notice. Therefore, conversely, as is the case here, a notification that the consumer may be or already was contacted about potential settlement does not and should not be considered overshadowing. *See Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012)(requests that consumer call "now" or "today" did not contradict a right to a thirty-day validation period); *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 575-76 (7th Cir. 2004)(denying an overshadowing claim where the letter contained, after a sentence that gave a phone number that the debtor could call "to resolve [the] account," the statement: "Act now to satisfy this debt"

11

301878113v1 1007363
Case 2:18-cv-00200-WED   Filed 05/16/18   Page 11 of 14   Document 19

and determined that this language was "in the nature of puffing, in the sense of rhetoric designed to create a mood rather than to convey concrete information or misinformation"); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007)(there is nothing improper, in and of itself, for a collection letter to contain a settlement offer); *Slotten v. Collections Unlimited, Inc.*, 96-C-0920-S, 1997 U.S. Dist. LEXIS 23606, at *12-13 (W.D. Wis. Feb. 26, 1997)(dismissing overshadowing claim where there were no time limits requiring immediate payment subject to legal action and no language that directly or indirectly contradicted any rights available to the consumer under the FDCPA); *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d at 417("a debt collector can bring a lawsuit during the validation period in an effort to collect a debt, . . . then certainly a debt collector can send follow-up collection letters (as well as place telephone calls) demanding payment during the validation period. Demanding payment for an uncontested, overdue debt is an entirely valid tool available to debt collectors"); *Kolganov v. Phillips & Cohen Associates, Ltd.*, No. CV-02-3710, 2004 U.S. Dist. LEXIS 7069, 2004 WL 958028, at *4 (E.D.N.Y. Apr. 8, 2004) (finding no FDCPA violation where "the first paragraph's language regarding resolution of the debt does not overshadow or contradict the fourth paragraph's instructions regarding the right to dispute the debt.") *Terran v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997) (holding that a request for immediate telephone contact does not overshadow the mandated validation notice).

Here, there is nothing in RMS's letter that contradicts the validation notice, is confusing about the potential resolution of the matter, or that could make Plaintiff uncertain as to his validation rights. *See Bartlett*, 128 F.3d 497, 500 (7th Cir. 1997); *Russell*, 74 F.3d 30, 35 (2nd Cir. 1996). The validation notice is communicating Plaintiff's rights to him, and notifying him that the dispute must be in writing. Nothing about referring to a claim number in communications or

notifying the debtor that they may receive a phone call would prevent a consumer from exercising their debt dispute or validation rights. Accordingly, there is no false representation or deceptive means being used to collect any debt by notifying the consumer that they may receive a call regarding resolution of the matter. Maniaci has not asserted that statements made during phone calls to him from RMS overshadowed his rights. Therefore, Plaintiff's claims under Sections 1692e and 1692e(10) should be dismissed.

### III. MANIACI'S CLAIMS UNDER THE WISCONSIN CONSUMER ACT SHOULD LIKEWISE BE DISMISSED

The WCA is the "Wisconsin counterpart to the FDCPA," and plaintiffs often sue under both. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 345 (7th Cir. 1997); *see also Gonzales v. Kohn Law Firm, S.C.*, Case No. 13-CV-168, 2014 WL 201151, at *3 (E.D. Wis. 2014) ("Chapter 427, the state court analogue to the FDCPA, governs activities by debt collectors."). Maniaci's WCA claims under Wis. Stat. § 427.104 fail for the same reason as set forth above. RMS's letter is not false, deceptive, misleading, confusing, or overshadowing of the validation notice. The letter does not confuse the consumer about how he should notify the debt collector about a potential dispute. The validation notice is clear that the dispute must be in writing. (See ECF No. 17-1.) The letter requests that the account number be placed on the account such that it can be properly addressed. (Id.) Also, RMS properly conveyed the consumer's validation rights as required under the FDCPA. (Id.) Therefore, because the validation notice and the letter was clear and concise, there can be no harassment.

### CONCLUSION

RMS is entitled to dismissal pursuant to Rule 12(b)(6) of Plaintiff's Complaint because Plaintiff fails to state any claim upon which relief can be granted under the FDCPA. The validation notice in the collection letter is proper and is not false, misleading, or confusing.

13

Plaintiff cannot prove any facts to establish that the collection letter violates Section 1692g(a)(3)-(5), 1692g(b), 1692e, or 1692e(10) of the FDCPA or the WCA in Wis. Stat. §§ 427.104(1)(g) or 427.104(1)(h). Accordingly, RMS is entitled to dismissal, with prejudice.

Dated this 16th day of May, 2018.

/s/ Alyssa A. Johnson
David M. Schultz
IL Bar No. 6197596
Alyssa A. Johnson
State Bar No. 1086085
Attorneys for Defendant THE RECEIVABLE MANAGEMENT SERVICES CORPORATION, D/B/A RMS
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Phone No. 414-276-6464
Fax No. 414-276-9220
E-mail Address(es):
dschultz@hinshawlaw.com
ajohnson@hinshawlaw.com