# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK MANIACI,

               Plaintiff,

v.                             Case No. 18-CV-200

THE RECEIVABLE MANAGEMENT SERVICES CORPORATION,

               Defendant.

## DECISION AND ORDER

**1. Background**

On February 5, 2018, Patrick Maniaci filed a proposed class action complaint alleging that The Receivable Management Services Corporation, which does business as RMS, violated the Fair Debt Collection Practices Act (FDCPA) and the Wisconsin Consumer Act (WCA). (ECF No. 1.) RMS moved to dismiss the complaint for failure to state a claim. (ECF No. 10.) Maniaci filed an amended complaint (ECF No. 17), and RMS again moved to dismiss (ECF No. 18). Maniaci responded (ECF No. 20) and RMS replied (ECF No. 21). The matter is now ready for resolution. All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 4, 13.)

According to the amended complaint, RMS sent Maniaci a debt collection letter. The letter contained the FDCPA validation notice:

> IMPORTANT INFORMATION
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name and address of the original creditor, if different from the current creditor.

(ECF No. 17-1.) The letter also stated:

> **IMPORTANT: REFER TO CLAIM NUMBER IN ALL COMMUNICATIONS**

(*Id*.) (Emphasis in original.) Finally, the letter further stated:

> If you have not yet been contacted by an RMS representative, you will be receiving a call to bring this matter to a resolution. Should you receive this letter after a discussion with our representative, we thank you for your cooperation.

(*Id.*)

In his amended complaint Maniaci alleges that the letter violated the FDCPA in a couple of different ways. First, "nothing in 15 U.S.C. § 1692g(a) requires that the 'claim number' be included in the written dispute." (ECF No. 17, ¶ 19.) Maniaci alleges that, by directing the consumer to refer to the claim number in all communications, the letter would confuse and mislead the unsophisticated consumer into believing that a written

dispute sent without the claim number would be disregarded or otherwise not treated as a dispute. (ECF No. 17, ¶ 23.)

Second, Maniaci alleges that an unsophisticated consumer would understand the letter's statement that he would be receiving a call from an RMS representative to mean that RMS would be calling the consumer within a few days or weeks, and certainly within the next thirty days after receiving the letter. (ECF No. 17, ¶ 27.) That statement is "false, deceptive, misleading, and confusing" and "inconsistent with the statutory disclosure of the consumer's right to dispute the debt." (ECF No. 17, ¶ 28.) According to the amended complaint, an unsophisticated consumer would think he did not need to submit a written dispute but could instead wait until RMS called him to dispute the debt. (ECF No. 17, ¶¶ 31-32.) Finally, he alleges the statement was false because RMS does not call debtors within the 30-day validation period. (ECF No. 17, ¶ 36.)

Maniaci alleges these statements violated both the FDCPA and the WCA.

In moving to dismiss the complaint RMS contends that "the statement that the consumer should include their claim number is not an added requirement, but instead a way to ensure that RMS is able to efficiently verify the debt by including identifying information on the dispute." (ECF No. 19 at 6.) RMS argues that asking the consumer to refer to the claim number in all communications is not misleading or confusing, nor does it overshadow the consumer's right to dispute the debt.

RMS also contends that any unsophisticated consumer would understand the statement that he would be receiving a call from RMS (if he had not already done so) to bring the matter to resolution to mean he still has "the right to dispute the debt in writing because the validation notice is still included for the consumer." (ECF No. 19 at 10.) RMS argues that the subject sentence does not overshadow the remainder of the notice, which "clearly and unequivocally directs the consumer to provide the dispute in writing." (ECF No. 19 at 11.)

In opposing the motion, Maniaci contends that the unsophisticated consumer would understand the letter's statement that it was important that he refer to the claim number in all communications to mean that RMS would not process the consumer's dispute unless he provided his claim number when he disputed the debt. (ECF No. 20 at 15.) He also argues that the statement that the consumer should expect a phone call from RMS violates the FDCPA because it contradicts, overshadows and confuses the disclosure that the debt collector will assume the debt is valid unless the consumer within thirty days from receipt of the notice notifies the debt collector in writing that the debt is disputed. (ECF No. 20 at 23.) Specifically, he argues that the unsophisticated consumer would understand RMS's statement that he should expect a call from RMS if he had not already been contacted to mean that RMS would call him during the validation period, which "directly conflicts with the statutorily required disclosure that

4

the debt collector will assume the debt is valid unless the consumer notifies the debt collector that there is a dispute." (ECF No. 20 at 24-26.)

**2. Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]."*Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

**3. Analysis**

Maniaci alleges that RMS violated §§ 1692e and 1692g of the FDCPA. The primary purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. Under 15 U.S.C. §§ 1692e and 1692e(10), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Under 15 U.S.C. § 1692g(a)(3), the debt collection notice must inform the consumer that he has thirty days after receipt of the notice to dispute

the debt, after which time it is assumed valid. Under § 1692g(a)(4), the notice must inform the consumer that, if he notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, "the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." Under § 1692g(a)(5), the notice must inform the consumer that, "upon the consumer's written request with the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." Finally, § 1692g(b) states that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

In evaluating a debt collection letter's compliance with the FDCPA, courts apply the "unsophisticated consumer" standard. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 273 (7th Cir. 2014); *Zemeckis v. Global Credit and Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). The unsophisticated consumer is uninformed, naïve, and trusting. *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003). However, he also possesses rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). "Additionally, while the unsophisticated consumer 'may tend to read collection letters

literally, he does not interpret them in a bizarre or idiosyncratic fashion.'" *Gruber*, 742 F.3d at 274 (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). Furthermore, "a significant fraction of the population" must find the letter confusing in order to violate section 1692g(b)'s prohibition of inconsistent or overshadowing language. *Zemeckis*, 679 F.3d at 635 (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004)).

The letter which RMS sent to Maniaci contained the required validation notice informing him of his right to dispute the debt. (ECF No. 17-1 at 3.) But Maniaci alleges the notice was overshadowed by the statement on the front of the letter informing him that RMS will be calling him "to bring this matter to a resolution." (ECF No. 17-1 at 2.) Thus, one question presented by RMS's motion to dismiss is whether the collection notice's statement that the consumer has thirty days after receipt of the notice to dispute the debt in writing, after which time it is assumed valid, was overshadowed by the statement that the consumer would be receiving a phone call from an RMS representative regarding the debt to bring the matter to a resolution. In other words, would an unsophisticated consumer believe he can wait until he receives the phone call to dispute the debt?

Courts have found implications in debt collection letters that the consumer may dispute a debt by telephone to plausibly violate the FDCPA. *See, e.g., Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 150 (3d Cir. 2013) (holding that the statement,

"If we can answer any questions, or if you feel you do not owe this amount, please call us toll free at 800-984-9115 or write us at the above address," plausibly violated the FDCPA, despite the inclusion of the validation notice stating that disputes must be in writing, because "it can be reasonably read to have two or more different meanings, one of which is inaccurate"); *Miller v. Payco-General Am. Credits, Inc.*, 943 F.2d 482, 483 (4th Cir. 1991) (reversing grant of summary judgment regarding a letter that included the validation notice but which also stated, "IF THERE IS A VALID REASON, PHONE US AT [telephone number] TODAY. IF NOT, PAY US – NOW"); *see also Flowers v. Accelerated Bureau of Collections*, No. 96 C 4003, 1997 U.S. Dist. LEXIS 3354 (N.D. Ill. Mar. 13, 1997) (concluding that a second letter sent to the consumer, without the validation notice, inviting the consumer to call "[i]f you feel you have some legitimate reason for failing to respond …" plausibly violated § 1692g(b)); *Gaetano v. Payco of Wis., Inc.*, 774 F. Supp. 1404, 1412 (D. Conn. 1990) (denying summary judgment for debt collector with respect to a second letter that stated, "IF THERE IS A VALID REASON [YOU HAVE NOT PAID], PHONE US AT (414) 784-6565 TODAY," despite the fact the letter also contained the validation notice on the back); *but see Philipps v. GC Servs. Ltd. P'ship*, No. 93 C 4620, 1994 U.S. Dist. LEXIS 4402, at *9 (N.D. Ill. Apr. 6, 1994) (rejecting the implication that a letter stating that a debt could be disputed by phone violated the FDCPA because the letter also included the standard validation notice explicitly stating that any dispute must be in writing).

In *Durkin v. Equifax Check Servs.*, 406 F.3d 410, 419 (7th Cir. 2005), the debt collector sent an initial letter containing the required validation notice and then, within the 30-day period, sent two follow-up letters that did not contain the validation notice. The first follow-up letter suggested that the consumer "contact this office." *Id.* The second follow-up letter stated, "You may reach our offices at the number below if you wish to discuss this matter further." *Id.* Although the court ultimately affirmed the grant of summary judgment in favor of the defendant, it did so not because the claim failed as a matter of law but because the plaintiffs failed to produce extrinsic evidence of confusion. *Id.* at 422-23. Specifically, the court noted that, "while there may be some merit to the plaintiffs' claims that the follow-up letters are confusing, misleading, and unfair, the merit of these claims is not apparent, and the mere possibility of merit does not create a triable issue." *Id.* at 422 (internal quotation marks omitted).

Although these cases are distinguishable in that they all involved debt collectors inviting the consumer to call them, the court nonetheless finds them analogous to the present situation where the debt collector promised to call the consumer "to bring this matter to a resolution." The combination of the two statements in the notice—that the consumer must within 30 days submit any dispute of the debt in writing, and that he would be receiving a call from an RMS representative "to bring this matter to a resolution"—could lead an unsophisticated consumer to conclude that he would be receiving the call within that 30-day window, at which time he could "bring this matter

9

to a resolution" by disputing the debt. But because only written disputes are effective to trigger the consumer's rights under § 1692g(b), a dispute communicated in a phone call would be ineffective.

Moreover, Maniaci alleges, "[u]pon information and belief, RMS does not telephone consumers within the thirty-day validation period." (ECF No. 17, ¶ 36.) Thus, even if RMC could during the promised phone call correct any misunderstanding about whether an oral dispute would be effective, the consumer will already have forfeited his rights under § 1692g if the call comes more than 30 days later.

In deciding this motion the court is mindful of the Court of Appeals' caution "that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 367 (7th Cir. 2018) (internal quotation marks omitted) (quoting *McMillan v. Collection Prof'ls., Inc.*, 455 F.3d 754, 759 (7th Cir. 2006)). Thus, "dismissal is only appropriate in 'cases involving statements that plainly, on their face, are not misleading or deceptive.'" *Id.* (quoting *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812, 814-15 (7th Cir. 2016)).

In light of the repeated cautions of from the Court of Appeals, the court finds it must conclude that it is plausible that "a significant fraction of the population" would find the letter confusing with regard to whether the consumer can wait until he is

contacted by RMS to dispute the debt, or whether he needed to send something in writing within 30 days if not yet contacted by RMS. As such, the amended complaint states a claim to relief that is plausible on its face that the notice at issue violates section 1692g(b)'s prohibition of inconsistent or overshadowing language.

For the same reason, the amended complaint states a claim to relief that is plausible on its face that the notice at issue violates the WCA.

Given this conclusion, it is unnecessary to consider the amended complaint's allegation that the notice also violated the FDCPA through its inclusion of the statement that it was important that the consumer refer to the claim number in all communications. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.").

**IT IS THEREFORE ORDERED** that RMS's motion to dismiss is **denied.**

Dated at Milwaukee, Wisconsin this 29th day of June, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

11